**LAW OFFICES OF STUART E. FAGAN**
STUART E. FAGAN, State Bar No. 152732
P.O. Box 503741
San Diego, California 92150-3741
Telephone: (858) 220-9601
Facsimile: (858) 676-5339
Email: fairhousinglawyer@sbcglobal.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GONZALEZ and DELIA GONZALEZ, <br><br> Plaintiffs, <br><br> v. <br><br> TOTAH FAMILY PARTNERSHIP, a California Limited Partnership, doing business as, RIVER'S EDGE R.V. RESORT, <br><br> Defendant. | No. 3:10-cv-02012-MMA-CAB <br><br> PLAINTIFFS' EX PARTE APPLICATION TO REQUEST A TELEPHONIC DISCOVERY HEARING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

**TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**YOU ARE HEREBY NOTIFIED THAT** plaintiffs Francisco Gonzalez and Delia Gonzalez ("Plaintiffs") will, and hereby do, apply for an ex parte order requesting a telephonic discovery hearing. Said application is made on the grounds that the parties have reached impasse with regard to numerous discovery requests. This application is based on this notice, the accompanying Memorandum of Points and Authorities, the Declaration of Stuart E. Fagan Re Attempts to Meet and Confer Re Discovery Dispute, the complete files and records in this action, and such oral and

1

1 | documentary evidence as may be presented at or before any hearing on this matter.

3 | Dated: May 2, 2011                          LAW OFFICES OF
                                                STUART E. FAGAN

                                                By: /s/ Stuart E. Fagan
                                                    Stuart E. Fagan
                                                Attorneys for Plaintiffs
                                                Francisco Gonzalez and
                                                Delia Gonzalez

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PLAINTIFFS' INTRODUCTORY STATEMENT

This is an action challenging, *viz*, retaliation and discrimination against families with children and Mexicans in the operation of the River's Edge R.V. Resort in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq.*, and related federal and state laws.  Plaintiffs have asserted a claim for punitive damages, as well as other relief. [Complaint, Prayer for Relief, at ¶1.]

The lawsuit arises out of the mistreatment of plaintiffs Francisco Gonzalez and Delia Gonzalez and their children while they resided at the River's Edge R.V. Resort, which is a recreational vehicle park comprised of 494 sites. [Complaint at ¶2.] Plaintiffs have alleged that defendant Totah Family Partnership, doing business as, River's Edge R.V. Resort, acting individually and in concert with others, directly and through agents, engaged in a pattern or practice of discrimination against Mexicans and against families with children, including plaintiffs Francisco Gonzalez and Delia Gonzalez, on account of race, national origin, and familial status in the operation of the River's Edge R.V. Resort. [Complaint at ¶11.]  In short, defendant has created a hostile living environment for Mexicans and families with children at the River's Edge R.V. Resort.

To establish their claims, plaintiffs have sought relevant information, including, without limitation, comparative data from defendant to establish that it has engaged in a pattern or practice of discrimination.[1]  Moreover, since the Fair Housing Act expressly authorizes an award of punitive damages, plaintiffs have sought defendants' net worth information.  Next, plaintiffs have sought information pertaining to witnesses' identity and contact information.  Defendant, nevertheless, has

---

[1] The interrogatories and production requests served upon defendant, along with defendant's responses thereto, have been concurrently lodged with the Court.

resisted the discovery requests, primarily insisting that the documents are protected by various privacy rights. As will be demonstrated below, defendant's privacy objections are without merit.

Finally, plaintiffs seek relevant documents to support their claims, yet defendant, likewise, refuses to produce the documents based, primarily, upon purported privacy rights. In the end, defendant cannot meet its burden to clarify, explain, and support its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Consequently, defendant must amend its responses to the interrogatories and production requests.

## II.
## DISCOVERY REQUESTS IN DISPUTE

**1.   Interrogatories.**

**a.   Other Rental Properties Owned by Defendant.**

Interrogatory number 1 seeks to discover other rental properties owned by defendant. This is a housing discrimination lawsuit alleging that defendant has engaged in a pattern and practice of racial, national origin, and/or familial status discrimination in violation of the Fair Housing Act. To prove or rebut those contentions, the parties are entitled to adduce evidence showing whether or not defendant's other rental properties are operated in a discriminatory manner. *Laufman v. Oakley Bldg. & Loan Co.*, 72 F.R.D. 116, 121 (S.D. Ohio 1976). In civil rights cases, plaintiffs are always entitled to show facts relating to a defendant's policies and practices with respect to similar transactions as they may tend to show a pattern or refusal to deal a protected class in a nondiscriminatory manner. *See, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804-5, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (employee entitled to show employer's general policy and pattern with respect to minority employees). Accordingly, information regarding defendant's other rental properties is relevant and calculated to lead to the discovery of admissible evidence.

1 | Defendant, however, refuses to produce the information on privacy grounds. Defendant's
2 | privacy objections are without merit. Although California grants broad rights of privacy, federal law,
3 | not state law, governs discovery in federal question cases in federal court. Fed. R. Evid. 501; *Garrett*
4 | *v. City and County of San Francisco,* 818 F.2d 1515, 1519 n.6 (9th Cir. 1987) (rejecting the argument
5 | that disclosure of personnel files in Title VII action was prohibited by state law); *Kerr v. United States*
6 | *District Court for the Northern District of California,* 503 F.2d 1032, 1034 (9th Cir. 1974).
7 | "Moreover, the courts have frequently found that a party's need for the information may outweigh
8 | whatever privacy rights, if any, another party may have." *Malcom Oakes, Trustee v. Halvorsen*
9 | *Marine Ltd.,* 179 F.R.D. 281, 284; 1998 U.S. Dist. LEXIS 13296 (C.D. Cal. 1998), citing, *Cook v.*
10 | *Yellow Freight System, Inc.,* 132 F.R.D. 548, 552 (E.D. Cal. 1990) (citing with approval *Moskowitz v.*
11 | *Superior Court*, 137 Cal. App. 3d 313, 316 (1982). In fair housing cases like this one, courts permit
12 | discovery of information about other tenants. *Marable v. H. Walker & Associates*, 644 F.2d 390, 396
13 | (5th Cir. 1981) (evidence consisted of tenant applications and credit reports), *Smith v. Sol Adler Realty*
14 | *Co.*, 436 F.2d 344, 347 (7th Cir. 1971) (plaintiffs allowed to inspect tenant applications). Besides, in
15 | civil rights cases, courts "routinely" order production of third party information. *Ceramic Corp. of*
16 | *America v. Inka Maritime Corp.*, 163 F.R.D. 584, 589 (C.D. Cal. 1995) (citing cases requiring
17 | production of non-party medical information, tenure, and personnel files, and evaluations of non-party
18 | supervisor). As such, defendant may not resort to California's broad right of privacy to prevent
19 | discovery in this case.
20 |
21 | **b.   Defendant's Net Worth.**
22 |
23 | Interrogatory number 2 seeks the present net worth of defendant. Defendant has objected to the
24 | interrogatory on the ground that it invades defendant's privacy rights to financial information. As a
25 | result, plaintiffs have offered to enter into a stipulated protective order to protect defendant's financial
26 |
27 |
28 |

information as confidential.[2] Nevertheless, defendant still refuses to produce the information.[3]

Preliminarily, the financial information of defendant is relevant to this action and the discovery request is calculated to lead to the discovery of admissible evidence. This case seeks punitive damages, an award of which is expressly authorized by the Fair Housing Act. 42 U.S.C. §3613(c) and 3612(o)(3). It is well-established federal doctrine that a defendant's income, assets, and net worth are relevant to the issue of punitive damages, as such, plaintiffs' request for the same cannot amount to harassment. *See, City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-271 (1981) (defendants' net worth is a relevant factor in the determination of the amount of punitive damages to be awarded); *accord, Hollins v. Powell*, 773 F.2d 191, 198 (8th Cir. 1985), *cert. denied,* 475 U.S. 1119 (1986); and *Rodgers v. Fisher Body Division, General Motors Corp.,* 739 F.2d 1102, 1109 (6th Cir. 1984)*, cert. denied*, 470 U.S. 1054 (1985). A defendant's size and financial condition must be considered in determining the size of a punitive damages award in a fair housing case. *See, e.g., Phillips v. Hunter Trails Community Ass'n,* 685 F.2d 184, 191 (7th Cir. 1982). Moreover, discovery regarding a defendant's net worth violates no third party privacy right. The weight of authority in federal common law, additionally, clearly favors the disclosure of financial information where the plaintiff alleges entitlement to punitive damages under the Fair Housing Act. Plaintiffs are <u>not</u> required to establish liability or make out a *prima facie* showing of entitlement to punitive damages to justify discovery of financial information. *See, Ceh, Inc. v. FV Seafarer,* 148 F.R.D. 469, 471 (D.R.I. 1993); *Mid-Continent Cabinetry v. George Koch and Sons*, 130 F.R.D. 149, 151 (D. Kan. 1990) and the cases cited therein; *See, also, Wauchop v. Domino's Pizza,* 138 F.R.D. 539, 550 (N.D. Ind. 1991) and *Baker v. CNA Ins. Co.,* 123 F.R.D. 322, 329-330 (D. Mont. 1988). As such, plaintiffs' request is not premature. The majority rationale is persuasive:

---

[2] *See*, Decl. of Stuart E. Fagan Re Attempts to Meet and Confer re Discovery Dispute at ¶5, filed herewith.

[3] *Id.*

> [K]nowledge of defendant's net worth will be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation . . . . [T]o deny discovery of net worth until [a] plaintiff can make a showing of a *prima facie* case at trial would only lead to delay and confusion while plaintiff reviews the information for the first time . . . . [W]hile a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can adequately be protected by a protective order. *Mid-Continent Cabinetry*, 130 F.R.D. at 152 (D. Kan. 1990).

As noted, plaintiffs are willing to enter into a protective order to treat defendant's financial information as confidential. Moreover, the parties are scheduled to appear before this Court on **May 23, 2011,** for another settlement conference. Therefore, defendant's net worth should be disclosed at this juncture, so that the parties may realistically appraise the case.

c. **Prior Fair Housing Discrimination Complaints Against Defendant.**

Interrogatory number 3 seeks information regarding all prior discrimination complaints filed against defendant. In fair housing cases and other civil rights cases, courts have repeatedly held that evidence of a past history of discrimination is highly probative of the existence of present discrimination, as such, a request for such evidence is not harassment. *See, United States v. Lepore,* 816 F.Supp. 1011, 1017-1019 (M.D. Pa 1991), *quoting Rodgers v. Lodge,* 458 U.S. 613, 625, 102 S.Ct. 3272, 3279 (1982) ("evidence of historical discrimination is relevant to drawing an inference of present discrimination"). Since prior complaints of discrimination against a defendant are highly probative of its past discrimination, such information is discoverable and relevant. Nevertheless, defendant inappropriately has attempted to narrow the time frame to the past five years. In short, defendant's response to interrogatory number 3 must be amended to provide information regarding *all* prior discrimination complaints, not merely the complaints filed against it within the past five years.

**d.     Discovery of Types of Documents Maintained by Defendant**.

Interrogatories numbers 4-6 seek to learn the types of documents generated in defendant's business, so that relevant documents may be requested in discovery.  Plaintiffs are entitled to learn the nature of the documents used at the rental premises because that information is not private and is calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(2) specifically provides that a party is entitled to discovery of "the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things." In brief, defendant's objections to these interrogatories are frivolous, for the interrogatories are not overbroad, for the interrogatories simply seek to uncover the types of documents generated in defendant's business.  Moreover, defendant's privacy objections, for the reasons set forth above, are likewise frivolous.  Accordingly, defendant must amend its responses to the interrogatories.

**e.     Identity of Defendant's Tenants and Applicants.**

Interrogatories numbers 15-17 seek the identity of defendant's former and current tenants, rental applicants, employees, and partners.  By propounding these interrogatories, plaintiffs seek to discover, *viz*, the identity of possible witnesses.  Defendant has objected to the interrogatories as overbroad, vague, ambiguous, and violative of privacy rights.   In short, the objections stated by defendant are meritless and cannot block the discovery requested by plaintiffs.

For starters, there is nothing vague or ambiguous about the interrogatories: they simply seek the identity of defendant's rental applicants and former and current tenants.

Moreover, defendants have asserted that the interrogatories seek information which is violative of third party consumers' right to privacy.  Put simply, there is nothing proprietary or confidential about the identity of witnesses.  Fed. R. Civ. P. 26(b)(1).  What is more, the party resisting discovery

must explain why the discovery is impermissible and has the burden to clarify, explain, and support its objections. *Blankenship v. Hearst Corp*, 519 F.2d 418, 429 (9th Cir. 1975). Furthermore, as noted above at 1(a), defendant's privacy objections are likewise without merit. Consequently, defendant has failed to support its objections.

Next, the identity of witnesses is relevant to this action and the discovery requests are calculated to lead to the discovery of admissible evidence. The testimony of applicants and tenants (current and former) may be highly relevant to deciding whether defendant engages in the pattern and practice of discrimination alleged in the complaint. Applicants and tenants are "persons with knowledge of . . . discoverable matter." Fed. R. Civ. P. 26(b)(1). Testimony from current and former tenants is useful in establishing whether the rental premises was operated on a discriminatory basis. *See, e.g., Woods-Drake v. Lundy,* 667 F.2d 1198, 1202 (5th Cir. 1982); *Pinchback v. Armistead Homes Corp.,* 689 F. Supp. 541, 545, 547 (D. Md. 1988), *aff'd in pertinent part,* 907 F.2d 1447 (4th Cir.), *cert. denied,* 498 U.S. 983 (1990). In the end, defendant's objections to interrogatories numbers 15-17 cannot block discovery.

### f. Racial Composition.

Interrogatory number 11 seeks information regarding the racial composition of the Subject Rental Premises at relevant dates. For the reasons set forth above at 1(c), defendant's objections are inappropriate. As such, defendant must provide an amended response.

### 2. Document Production Requests.

Defendant has objected to many of plaintiffs' document production requests. As will be demonstrated, defendant's objections are baseless and cannot block plaintiffs' discovery requests.

**a.     Defendant's Tenant, Rental, Employee, and Other Business Files.**

Document production requests numbers 2-6, 10-11, 21-22, 25, 31-34, 43, 46-51, 54, 57-59 seek defendant's business, employee, and tenant files.  Such information is discoverable for the reasons as set forth above regarding plaintiffs' interrogatories numbers 1, 3-6, 11, 15-17.  The documents requested by plaintiffs are the best source of information to identify and locate prospective, former, and present tenants and employees, who, as discussed above, are persons with knowledge of discoverable matter under Rule 26(b)(1).  Second, the contents of the documents themselves may be used at trial to establish that defendant discriminated against persons because of race, national origin, and/or familial status in the operation of the rental premises.  As the Sixth Circuit has recognized, "[c]omparative information . . . is absolutely essential to a determination of discrimination."  *E.E.O.C. v. Ford Motor Credit Corp.*, 26 F.3d 44, 47 (6th Cir. 1994).  Plaintiffs need tenant applications, files, and other tenant documents to develop comparisons of the rents charged to, the security deposits required of, the lease terms of, the responsiveness to repair requests, restrictions placed upon, and the treatment of protected classes versus the remaining classes.  Comparisons of those documents may show differential treatment.  Such differential treatment, if based upon race, national origin, and/or familial status, violates the Fair Housing Act.  By propounding requests for personal files of current and former employees, plaintiffs further seek to determine if said employees were properly skilled, trained, supervised, disciplined, or terminated.  What is more, the personal files may provide contact information for said persons.  Thus, plaintiffs are entitled to obtain the documents requested.

**b.     Documents Regarding Prior Fair Housing Discrimination Complaints Against Defendant.**

Document production request number 13 seeks documents regarding prior housing discrimination complaints filed against defendant.  Such information is discoverable for the reasons set forth above regarding plaintiffs' interrogatory number 3.  While defendant has indicated that it will

produce responsive documents relating to this incident, defendant has failed to indicate that it will produce *all* responsive documents. Accordingly, defendant must produce all requested documents, not merely the documents regarding plaintiffs' complaint.

     **c.**     **Documents Regarding Defendant's Net Worth.**

Document production request numbers 16-20 seek documents regarding defendant's net worth. Such information is discoverable for the same reasons as set forth above regarding plaintiffs' interrogatory number 2 above.

Dated: May 2, 2011                                                LAW OFFICES OF
                                                                              STUART E. FAGAN


                                                                              By: /s/ Stuart E. Fagan
                                                                                   Stuart E. Fagan
                                                                             Attorneys for Plaintiffs
                                                                             Francisco Gonzalez and
                                                                             Delia Gonzalez