**LAW OFFICES OF STUART E. FAGAN**
STUART E. FAGAN, State Bar No. 152732
P.O. Box 503741
San Diego, California 92150-3741
Telephone: (858) 220-9601
Facsimile: (858) 676-5339
Email: fairhousinglawyer@sbcglobal.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GONZALEZ and DELIA GONZALEZ,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>TOTAH FAMILY PARTNERSHIP, a California Limited Partnership, doing business as, RIVER'S EDGE R.V. RESORT,<br><br>　　　Defendant. | No. 3:10-cv-02012-MMA-CAB<br><br>DECLARATION OF STUART E. FAGAN RE ATTEMPTS TO MEET AND CONFER RE DISCOVERY DISPUTE |

　　　I, Stuart E. Fagan, declare:

　　　1.　　I am an attorney at law, licensed to practice before this Court, and am the attorney of record for plaintiffs Francisco Gonzalez and Delia Gonzalez. I have personal knowledge of the facts contained within this declaration, and if called as a witness, would and could competently testify to them.

1

2.      On Tuesday, April 26, 2011, I contacted defendant's attorney, Rachel Kushner, to let her know that I would be sending a letter to her the following day to address concerns that I had with defendant's discovery responses. I had not been able to contact Ms. Kushner earlier due to my involvement in another matter. Be that as it may, I further informed her that since the 30-day period was about to expire, I needed to promptly set up a meeting to confer regarding my concerns. I offered to come to Ms. Kushner's office on either Friday, April 29, 2011, or Monday, May 2, 2011, to confer with her in an effort to resolve the discovery dispute. Ms. Kushner was amenable to meeting, but informed me that her schedule was busy, as such, it was going to be tough to meet and confer.

3.      On Wednesday, April 27, 2011, I wrote and emailed to Ms. Kushner a letter setting forth the concerns that I had with defendant's discovery responses. True and correct copies of Plaintiffs' Interrogatories, Plaintiffs' Production Requests, and Defendant's Responses thereto are concurrently lodged herewith as <u>Exhibits Nos. 1-4</u>. Moreover, a true and correct copy of the April 27, 2011, letter is concurrently lodged herewith as <u>Exhibit No. 5</u>.

4.      On Thursday, April 28, 2011, Ms. Kushner left me a voice mail message informing me that we would need to meet and confer, for her client was unwilling to produce all the requested information. As such, I returned Ms. Kushner's call and proposed that, due to her time constraints, we stipulate to a ten-day extension of the date by which I needed to file a motion to compel, in hopes of resolving the matter in its entirety during that time period. Ms. Kushner, however, opposed an extension, and suggested that we meet early Monday morning on May 2, 2011, to confer. As a result, I agreed to meet with Ms. Kushner at her offices on May 2, 2011.

5.      On May 2, 2011, I met and conferred with Ms. Kushner at her offices. During our meeting, Ms. Kushner raised the issue of defendant's financial privacy to many of the discovery requests. As such, I reiterated plaintiffs' offer to enter into a stipulated protective order to protect defendant's financial information as confidential. Ms. Kushner, however, rejected the offer,

contending that her client feared that the confidential protective order would not truly be "confidential." While Ms. Kushner and I were able to resolve some of our differences, we were not able to resolve the bulk of the issues due to defendant's purported privacy concerns. Consequently, I was compelled to file this ex parte application.

Dated: May 2, 2011                                            LAW OFFICES OF
                                                              STUART E. FAGAN


                                                              By: /s/ Stuart E. Fagan
                                                                  Stuart E. Fagan
                                                              Attorneys for Plaintiffs
                                                              Francisco Gonzalez and
                                                              Delia Gonzalez