UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GONZALEZ and DELIA GONZALEZ,<br><br>  Plaintiff,<br><br>v.<br><br>TOTAH FAMILY PARTNERSHIP, a California Limited Partnership, doing business as RIVER'S EDGE R.V. RESORT,<br><br>  Defendant. | Civil No.   10cv2012-MMA (CAB)<br><br>**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL**<br>**[Doc. No. 17]** |

On May 23, 2011, the Court held a Mandatory Settlement Conference in this case. The case did not settle, so the Court heard the plaintiffs' motion to compel discovery responses. [Doc. No. 17.] Defendant submitted an opposition. [Doc. No. 23.] Plaintiffs submitted a reply. [Doc.No. 24.] Stuart Fagan, Esq., appeared for plaintiffs. Robert Quayle, Esq., appeared for defendant.

Plaintiffs propounded Interrogatories and a Request for Production of Documents on defendant on February 8, 2011. Defendant served responses and objections on March 28, 2011. Plaintiffs move to compel further responses to Interrogatories 1, 2, 3, 11 and 15-17, and for further responses to document Requests Nos. 2-6, 10-11, 21-22, 25, 31-34, 43, 46-51, 57-59.

This is a housing discrimination case based on national origin and familial status. Plaintiffs claim they were treated in a discriminatory manner and eventually evicted from defendant's R.V. Resort property because they have children and are Hispanic. Plaintiffs seek punitive damages for the alleged violations of their civil rights. The plaintiffs contend that the discovery they seek is relevant

to their claims and any privacy interests of third parties is outweighed by their need for the discovery. Defendants object contending the privacy rights of third parties outweigh plaintiffs' interests and/or the discovery sought is not relevant.

**Interrogatories**

**Interrogatory No. 1** requests the identity of any residential real property owned by the defendant in part or full at any time since January 1, 2006. The defendant objected based on financial privacy interests. The motion to compel a further response to this interrogatory is **DENIED** without prejudice. If evidence demonstrates a policy or practice of discrimination, beyond plaintiffs' allegations, at the rental property at issue, plaintiffs may renew this motion to pursue information regarding other rental properties owned by defendants.

**Interrogatory No. 2** requests the defendant's net worth. Plaintiffs seek this as relevant to their punitive damage claims. Defendant does not deny that the information is relevant, however Defendant represents that it intends to challenge plaintiffs' punitive damages allegations by motion practice. The motion to compel further a response to Interrogatory No. 2 is **GRANTED** as follows. If no motion is filed by October 31, 2011, defendant will provide the requested net worth information no later than **November 7, 2011.** If defendant's motion is denied, the defendant will provide requested net worth information no later than seven days after the order denying the motion is filed.

**Interrogatory No. 3** requests defendant identify any discrimination complaints ever made against it. Defendant objected to the breadth of the request, as it was without time limitations and responded for the past five years. Plaintiff contend that five years is an arbitrary cutoff and requested further records. The motion to compel a further response to Interrogatory No. 3 is **GRANTED**. Defendant shall identify any discrimination complaints made against it from January 2000 to the present. The response will be provided no later than **June 10, 2011.**

**Interrogatories Nos. 4-6** generally request the defendant identify the type of records and documentation maintained by defendant regarding operation of the property at issue. Defendant

withdrew its objection with the understanding plaintiffs are asking defendant to describe the "nature of the documents used at the rental premises," not the documents themselves, and agreed to provided supplemental responses.  The responses will be provided no later than **June 10, 2011.**

**Interrogatory No. 11** requests information about the racial composition of tenants during various time periods at the rental premises at issue.  Defendant objected based on privacy rights, but also acknowledged it has no records regarding racial composition of the park tenants and is therefore unable to respond. The motion to compel a further response to Interrogatory No. 11 is **GRANTED**, in so far as defendant will provided its verified response setting forth its representation that it has no records to formulate a response. The response will be provided no later than **June 10, 2011.**

**Interrogatories Nos. 15-17** request the defendant identify all applicants for and tenants of spaces at the park from January 1, 2009.  Defendant objected on the basis of the privacy rights of these third parties not to have their personal information shared without their consent.  Plaintiffs contend that they are witnesses and their identities are not confidential.  The Court finds the matter more complex than plaintiffs' analysis.

There are potentially hundreds of individuals who applied for or stayed at the RV park since January 1, 2009.  Records regarding these individuals are not in a data base according to the defendant, but are paper records.  Some stayed for a very brief time, some for extended periods.  They provided personal information (name, address, phone number, email account) to the defendant much like a guest would provide such information to hotel.  The Court finds that these third-parties have a reasonable expectation of privacy in their personal contact information.  The Court also recognizes the plaintiffs' interest in contacting these individuals to determine if they have any information relevant to this litigation.

The defendant is instructed to compile a list of the applicants and tenants for the requested time period.  Counsel for the defendant will prepare a notice letter to be forwarded to these third-parties informing them of the lawsuit, the nature of the action and that their contact information is being provided to plaintiffs' counsel. The third-parties will be provided contact information for both

counsel if they should have any questions or concerns. **A telephonic conference is scheduled for June 14, 2011 at 1:30 p.m.** to address the status of the compilation of the list, the timing of the mailing of the notification and when plaintiffs' counsel may begin contacting third parties.

### Requests for Production of Documents

**Document Request No. 13** seeks documents regarding discrimination complaints against defendant. Defendant has produced the documents regarding plaintiffs' complaint. Defendant has stated there were no other complaints in the last five years. Defendant has been ordered to supplement its related interrogatory response (No. 3) back to January 2000. For any complaints identified in the supplemental interrogatory response, related documents will be produced no later than **June 17, 2011.**

**Document Requests Nos. 16-20** seek documents regarding the defendant's net worth. Responsive documents will be produced in accordance with the schedule set forth regarding further responses to Interrogatory No. 2, above.

**Document Requests Nos. 2-6** seek records of tenants and applicants. The defendant's objections regarding the privacy interests of the third-parties are sustained. The motion to compel is **DENIED**.

**Document Requests Nos. 10-11** seek personnel files and contact information for former employees of defendant. The defendant's objections regarding the privacy interests of these third-parties and relevance are sustained. The motion to compel is **DENIED**.

**Document Request No. 21** seeks any documents regarding the familial status of any tenant or prospective tenant who rented or sought to rent space at the RV park. The motion to compel is **GRANTED**. Defendant is instructed to produce responsive, non-privileged documents no later than **June 17, 2011.**

**Document Request No. 22** seeks any documents regarding the age of any tenant or prospective tenant

who rented or sought to rent space at the RV park.  There are no allegations of age discrimination in this case. The motion to compel is **DENIED**.

**Document Request No. 25** seeks any documents regarding restrictions on renting to persons 55 years of age or older since September 1988.  There are no allegations of age discrimination in this case and the time period requested is excessive.  The motion to compel is **DENIED**.

**Document Requests Nos. 31-32** seek documents regarding <u>any</u> complaint made by any tenant against the management of the RV Park or against any other tenant. The defendant's objections are sustained. The requests are overbroad and seek information not relevant to the claims in this case.  The motion to compel is **DENIED**.

**Document Requests Nos. 33-34** seek documents regarding the operation of the RV Park since January 1, 2008.  The defendant's objections are sustained. The requests are overbroad and seek information not relevant to the claims in this case.  The motion to compel is **DENIED**.

**Document Request No. 43** seeks all eviction documents for the purpose of terminating the tenancy of any resident of the RV Park.  The defendant's objections are sustained. The request is overbroad and seeks information not relevant to the claims in this case.  The motion to compel is **DENIED**.

**Document Requests Nos. 46 and 48** seek contracts and performance reports for any resident manager of the RV Park since January 1, 2006.  The only resident manager with whom plaintiffs interacted was Tom Walker.  The defendant's objections regarding production of the personal information of other managers is sustained.  The motion to compel is **DENIED**.

**Document Request No. 47** seeks documents regarding the duties and responsibilities of the resident manager at the RV Park.  The motion to compel is **GRANTED**.  Defendant is instructed to produce responsive, non-privileged documents no later than **June 17, 2011.**

**Document Request No. 49** seeks documents regarding the duties and responsibilities of the resident manager Tom Walker at the RV Park. The motion to compel is **GRANTED**. Defendant is instructed to produce responsive, non-privileged documents no later than **June 17, 2011.**

**Document Requests Nos. 50-51** seek documents regarding Tom Walker's performance and his employment contract. The motion to compel is **GRANTED**. Defendant is instructed to produce responsive, non-privileged documents no later than **June 17, 2011.** Mr. Walker's confidential information (such as his address, phone number, social security) may be redacted from his personnel file and contract.

**Document Request No. 57** seeks all fictitious business statements filed by defendant since September 1998. Defendant's objection that the time period requested is excessive is sustained. The motion to compel is **DENIED**.

**Document Requests Nos. 58-59** seek records of third-party tenants. The defendant's objections regarding the privacy interests of the third-parties are sustained. The motion to compel is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 31, 2011

_____
CATHY ANN BENCIVENGO
United States Magistrate Judge